PER CURIAM.
Both The Florida Bar and Edward J. Salnik seek review of the referee’s recommended discipline in this matter. We have jurisdiction under article V, section 15 of the Florida .Constitution.
Salnik represented a landlord in eviction proceedings. He submitted a proposed final judgment to the county court judge assigned to the case. She refused to sign this judgment because the court file did not reflect that both tenants had been served with the complaint. Salnik went to the judge’s office to discuss the problem, but both she and her judicial assistant were on vacation.
Salnik applied the judge’s rubber stamp to two of the proposed final judgments. He then mailed one of the fictitious documents to the tenants in a plain white envelope.[1] He also sent the tenants a letter advising them that the eviction proceedings were now at the stage where the matter would be turned over to the sheriff, who would come with no advance notice to remove them and their personal property from the premises. The letter also stated that a judgment for the cost of the eviction would adversely affect the renewal of their driver's licenses.
The forgery was discovered by the judge when one of the tenants came in to discuss the case, bringing the document with her. When the judge checked her records, she saw that she had never signed a judgment in the case, and she called Salnik to attempt to clear up the issue. He stated that he had received the final judgment in the mail and had then photocopied it and sent the copy to the tenant.
During the Bar’s investigation of the incident, Salnik was asked to provide a handwriting sample.[2] The handwriting expert concluded that the writing on the forged judgment was Salnik’s. She also noted that when providing a sample Salnik had obviously attempted to disguise his writing.
The Bar filed a complaint charging Sal-nik with violating the following Rules Regulating The Florida Bar: rule 3-4.3 (commission of an act which is unlawful or contrary to honesty and justice); rule 4-8.4(b) (engaging in a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness); rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and rule 4-8.4(d) (conduct that is prejudicial to the administration of justice).
Shortly before the final hearing was to be held, the Bar and Salnik agreed that the Bar would file a motion for summary judgment to which Salnik would not respond, and the referee would grant the motion. Following this procedure, the referee recommended that Salnik be found guilty as charged in the complaint. The finding of guilt is not at issue here.
A hearing was held solely on the issue of discipline.[3] Salnik presented several witnesses who testified to his good character. These witnesses stated that if the allegations in the complaint were true they were totally out of character for Salnik. They also testified that he had been under severe stress at the time of the incident due to the breakup of his parents’ marriage and the aggravation of heart problems.
The referee recommended that Salnik be suspended for ninety-one days and be required to take the Ethics portion of the Bar exam. The referee characterized Salnik’s conduct as “an extremely egregious act” deserving of harsh punishment. He also found several mitigating factors, including the absence of a prior disciplinary record, *103 personal stress at the time of the conduct, relatively little experience in the practice of law, and overall good character.
Both parties have petitioned for review of the referee’s recommended discipline. Salnik argues that this incident was an aberration which occurred at a time of tremendous stress, and that a ninety-day suspension is the most serious discipline which should be imposed. The Bar argues that this conduct manifests a fundamentally dishonest character and warrants disbarment.
We agree with the Bar that this conduct is very serious. Salnik’s use of a judge’s stamp to commit a forgery evidences a blatant disregard for the integrity of the judicial office. Salnik’s conduct cannot be excused by his inexperience or stress, nor can it be dismissed as a mere isolated lapse in judgment. Not only did Salnik forge a judgment when he was unsuccessful in obtaining one through proper channels; he then compounded his misconduct by sending the fictitious judgment to an opposing party in an attempt to intimidate them into leaving the premises. He then went on to attempt to cover up his guilt by lying to the judge when he was confronted with the forgery and by trying to disguise his handwriting during the Bar’s investigation.
We cannot overlook the magnitude of this misconduct and Salnik’s failure to correct it. Although ultimately no one was injured by his actions, the potential harm to the opposing party was substantial. It was only because the tenant believed that she had actually paid her rent that she went to the judge to question the entry of the judgment. If not for this fortuitous circumstance, the forgery would never have been revealed and the tenants would have been bullied and tricked into leaving the premises in violation of their rights and despite the lack of any true legal obligation to do so. Resorting to forgery when legal attempts to obtain relief are unsuccessful is completely contrary to the most basic ideals of the legal profession. We agree with the Bar that this conduct warrants disbarment.
Accordingly, Edward J. Salnik is hereby disbarred from the practice of law. This disbarment shall be effective May 4, 1992, thereby giving Salnik thirty days to close out his practice and to protect his clients. It is ordered that Salnik not accept any new clients during the period from the date of this opinion to the date of disbarment. Judgment for costs in the amount of $2,853.30 is hereby entered against Salnik, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.

. Salnik retained the other forgery, ultimately turning it over to the Bar and claiming that he had received it in the mail.

. The forged judgment contained handwritten items which filled in the amount of the judgment, the date, and the county.

.Salnik’s attorney stated at the hearing that Salnik conceded guilt with regard to the matter of discipline, but did not make any admissions due to a pending criminal investigation by the Miami state attorney’s office.